Lance E. Shurtleff (Atty. No. 08049)
Erin Conroy (Atty. No. 05932)
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Tel: (303) 200-6849
lshurtleff@grsm.com
econroy@grsm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | |
|---|---|
| **METROPOLITAN LIFE INSURANCE COMPANY,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| **KYM LESLIE-HARSCH, individually, and JOYCE LOUDENSLAGER, as personal representative of THE ESTATE OF LAMONT LOUDENSLAGER,** | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>)<br>)<br>) |

Case No. _____

## COMPLAINT FOR INTERPLEADER

Plaintiff Metropolitan Life Insurance Company ("MetLife"), through its undersigned counsel, Lance Shurtleff and Erin Conroy of Gordon Rees Scully Mansukhani, LLP, hereby files its Complaint for Interpleader and alleges as follows:

## PARTIES

1. Plaintiff MetLife at all relevant times was and is an insurance company incorporated in and existing under the laws of the State of New York, with its principal place of business in the State of New York. It is licensed with the State of North Dakota Division of Insurance.

2. Upon information and belief, Defendant Kym Leslie-Harsch formerly known as Kym Loudenslager ("Kym") is the former spouse of Lamont A. Loudenslager (the "Decedent") and is a resident of the County of Cass, State of North Dakota.

3. Upon information and belief, Defendant Joyce Loudenslager ("Joyce") was appointed as personal representative of the Decedent's estate in Case No. 09-2018-PR-00380 filed in the East Central District Court of Cass County, State of North Dakota. Upon information and belief, Joyce is the decedent's sister-in-law and is a resident of Minnehaha County, State of South Dakota.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C. § 1335(a), this court has subject matter jurisdiction of this civil action in interpleader as MetLife has issued a policy of insurance of value or amount of more than $500, and the adverse claims are of diverse citizenship. Also, pursuant to Federal Rule Civil Procedure 22 and 28 U.S.C. § 1332(a)(1), this court has subject-matter jurisdiction over this interpleader action. This district court has original jurisdiction of this civil action as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States as set forth above. Plaintiff MetLife is a citizen of the State of New York. Defendants are citizens of the states of North Dakota and South Dakota.

5. Pursuant to 28 U.S.C. § 1397 and 28 U.S.C. § 1391(b), venue is proper in this district as Kym resides in this district and is a resident of the State of North Dakota and Joyce was appointed as personal representative in a state court case filed in this district.

## CLAIM FOR INTERPLEADER

6. MetLife brings this action for interpleader relating to a Flexible Premium Multifunded Life Insurance Policy, Policy Number 958 201 834 UM ("the Policy"), issued on October 2, 1995 on the life of the Decedent for an original face amount of $100,000.00. A true and correct copy of the Policy is attached hereto as Exhibit P1.

7. At the time the Decedent completed the application for the Policy, he designated his spouse at that time, Kym, as primary beneficiary to receive 100% of the benefits under the Policy. He did not name a contingent beneficiary under the Policy. A true and correct copy of the application for the Policy including the beneficiary designation is attached hereto as Exhibit P2.

8. On September 8, 2018, the Decedent died in Fargo, North Dakota. A copy of the Certificate of Death is attached hereto as Exhibit P3.

9. As a result of the Decedent's death, the benefits under the Policy (the "Policy Proceeds") became payable to the proper beneficiary(ies).

10. On or about November 1, 2018, MetLife received a claim form from Kym along with a certified copy of the divorce decree. A true and correct copy of the November 1, 2018 claim form and divorce decree is attached hereto as Exhibit P4.

11. The divorce decree states, in part, "As and for security for the outstanding obligations of child support and spousal maintenance, respondent (the Decedent) shall name petitioner (Kym) as the sole beneficiary on the following policies of life insurance on his life: MetLife Policy No. 958201834 until such time as the obligation for child support and spousal

maintenance terminate. Respondent shall be awarded all cash value associated with his MetLife Insurance."

12. Joyce, as personal representative of the Decedent's estate, has also claimed interest in the life insurance proceeds.

13. By letter dated January 22, 2019, MetLife advised the Defendants that their claims were adverse to one another and raised questions of fact and law that could not be resolved by MetLife without exposing itself to the danger of double liability. MetLife gave the Defendants an opportunity to try and resolve this matter in order to preserve the benefits from litigation costs and fees. A true and correct copy of the January 22, 2019 letter is attached hereto as Exhibit P5.

14. On or about February 26, 2019, MetLife received correspondence from attorney Jenna McPherson, Esq. with the Brudvik Law Office, which states that their office represents Joyce Loudenslager as the personal representative of the estate of the Decedent with a certified copy of the Letters of Administration, and Death Certificate enclosed as well. A true and correct copy of the February 26, 2019 correspondence, Letters of Administration, and Death Certificate are attached hereto as Exhibit P6. Upon information and belief, Joyce is the sister-in-law of the Decedent.

15. On or about March 12, 2019, MetLife advised Jenna McPherson, Esq. of the Brudvik Law Office that there are multiple claims to the policy that are adverse to one another and which raised questions of fact and law that could not be resolved by MetLife without exposing itself to the danger of double liability. MetLife gave Ms. McPherson an opportunity to try and resolve this matter with the other party in order to preserve the benefits from litigation costs and fees. A true and correct copy of the March 12, 2019 correspondence is attached hereto as Exhibit P7.

16. In light of the adverse claims, MetLife cannot determine without assuming the responsibility of deciding doubtful questions of fact and law and without the risk of being subjected to costs and expenses in defending itself in a multiplicity of lawsuits or the possibility of multiple payment of the Policy Proceeds, whether the Policy Proceeds are payable to Kym or Joyce.

17. If the Court determines that the Beneficiary designation on file is valid, the Policy Proceeds would be payable to Kym as the sole primary beneficiary based upon the beneficiary designation that is on file with MetLife.

18. If the Court determines that the Beneficiary designation on file is ineffective by the divorce or events arising thereafter, the Policy Proceeds would be payable to Joyce, as personal representative of the Estate of the Decedent, or to the Estate of the Decedent, based upon the terms of the policy for next in the line of succession.

19. Given the doubt as to the proper beneficiary or beneficiaries, MetLife cannot pay any of the Policy Proceeds without the danger of being compelled to pay the Policy Proceeds to each of the above parties.

20. MetLife makes no claim to the benefits other than payment of its reasonable attorneys' fees, costs, expenses, and disbursements in connection with this action. MetLife is now, and at all times has been, ready and willing to pay the Policy Proceeds to the party or the parties legally entitled to them.

21. MetLife seeks leave and is prepared to deposit into the Registry of the Court the Policy Proceeds by way of this interpleader action for disbursement in accordance with any order or judgment of this Court.

WHEREFORE, MetLife demands judgment as follows:

A.  That MetLife be permitted to pay the Policy Proceeds into the registry of the Court;

B.  That Defendants Kym Leslie-Harsch, individually, and Joyce Loudenslager, as personal representative of the Estate of Lamont A. Loudenslager, be ordered to assert among themselves their respective rights to the Policy Proceeds;

C.  That the Court accordingly adjudicate the correct payee or payees of the Policy Proceeds and direct the Clerk of this Court to disburse the funds deposited into this Court's registry.

D.  That the Defendants each be restrained from initiating any other action against MetLife for recovery of the Policy Proceeds or any part thereof;

E.  That MetLife be found to have no further liability beyond those monies deposited into the Registry of this Court, which represents the Policy Proceeds;

F.  That MetLife be discharged and dismissed with prejudice from this case following the deposit of the Policy Proceeds into this Court's registry; and

G.  That the Court award such other and further relief, including attorneys' fees and costs, to which MetLife is entitled in law or equity, as this Court deems just and proper.

Respectfully submitted this 18th day of September, 2019.

/s/ Lance E. Shurtleff
Lance E. Shurtleff (ND #08049)
Erin Conroy (ND #05932)
Gordon Rees Scully Mansukhani, LLP
555 17th Street, Suite 3400
Denver, Colorado 80202
Phone: (303) 200-6849
Fax: (303) 534-5161
Email: lshurtleff@grsm.com;
econroy@grsm.com

*Attorneys for Plaintiff Metropolitan Life Insurance Company*