# EXHIBIT P4

to COMPLAINT FOR INTERPLEADER

# MetLife

**U.S. Life Insurance Claims**

## Life insurance claim form

Use this form to submit your claim for a life insurance policy payment.

Metropolitan Life Insurance Company
Metropolitan Tower Life Insurance Company
General American Life Insurance Company

### Things to know before you begin

- Each beneficiary submitting a claim must complete and submit a separate claim form. However, we only need one death certificate.
- Please answer each question fully and accurately. If you return this form with missing or incorrect information, it will delay your claim.

**Please correct and initial any errors on the form.**

## SECTION 1: About you

Your name (first, middle, last) - Please print your name the way you want it to appear on your payment.

| First | Middle | Last |
|---|---|---|
| Kym | | Leslie-Harsch |

| Relationship to the insured | Maiden name |
|---|---|
| former wife | Christopherson |

**Mailing address** (Street number and name, apartment or suite)
[redacted]

| City | State | ZIP code |
|---|---|---|
| [redacted] | | |

| Country of Citizenship | Date of birth (mm/dd/yyyy) | Sex (M/F) | Social Security number |
|---|---|---|---|
| USA | [redacted]1967 | F | [redacted]362 |

Please tell us if you would like to receive claim statuses electronically* (check the box and provide information)

| Phone number | Cell phone number | Email address |
|---|---|---|
| [redacted] | [redacted] | [redacted] |

[X] I consent to receive claim status e-mails and text messages as indicated above.

*Please see the enclosed About Electronic Statusing in Section 6 for more details.

## SECTION 2: About the deceased

| First name | Middle | Last |
|---|---|---|
| Lamont | Allen | Loudenslager |

**Residence address** (Street number and name, apartment or suite)    Maiden name
[redacted]

| City | State | ZIP code |
|---|---|---|
| [redacted] | | |

| Date of birth (mm/dd/yyyy) | Date of death (mm/dd/yyyy) | Social Security number |
|---|---|---|
| [redacted]1964 | 09/08/2018 | [redacted]4347 |

Marital status:  [ ] Single   [ ] Married   [X] Divorced   [ ] Separated   [ ] Widow/widower

## SECTION 3: About your claim

Please list the policy number and suffix (if applicable) for all policies you're making a claim on

958201834UM

Page 1 of 4

ECLM-96-15    (06/17) Fs

## SECTION 4: Tell us how you want to receive your claim payment

**Check one:**
☐ You'd like us to put your payment into a Total Control Account that we'll open for you.
☒ You'd like to receive a check for your payment.

Add any special instructions or comments you have for us here.

- For more information about the Total Control Account, please read "About the Total Control Account."
- Keep in mind once you receive a check you cannot get a Total Control Account
- If your payment is less than $10,000, or you are not a U.S. citizen or resident for tax purposes, we will automatically pay you by check.
- If you don't choose a payment option, you will receive a Total Control Account, unless state law, rule or regulation requires us to pay you by check.

For Illinois residents and policies issued in Illinois only – By law, we're required to process and pay your life claim within 31 days of the receipt of the insured's death certificate. If we don't make a payment to you within this time, your life claim amount will accumulate interest at the rate of 10% annually, calculated from the date the person died, to the date the total amount due to you is paid.

## SECTION 5: Certification and signature

By signing this claim form, you certify that:
- All the information you have given is true and complete to the best of your knowledge.
- If we overpay you, we have the right to recover the amount we overpaid. This can happen if we find we've paid you more than you're entitled to under this life insurance claim, or if we paid you when we should have paid someone else. You agree to repay us the amount we overpaid. You also understand that if you do not repay us, we may take steps, including legal action, to recover the overpayment.
- You have read the Claim Fraud Warnings included with this form. **New York residents**: Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

Under the penalties of perjury I certify:

1. That the number shown as my Social Security Number in "Section 1: About you" is my correct taxpayer identification number, and
2. That I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. citizen, resident alien, or other U.S. person*, and
4. I am not subject to FATCA reporting because I am a U.S. person* and the account is located within the United States.

*(Please note: You must cross out Item 2 above if the IRS has notified you that you are currently subject to backup withholding because you failed to report all interest or dividend income on your tax return.)*

*If you are not a U.S. Citizen, a U.S. resident alien or other U.S. person for tax purposes, please complete form W-8BEN *(individuals)* or W-8BEN-E *(entities)*.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Signature of person making the claim: *Kym Leslie Harsch*

Date signed *(mm/dd/yyyy)*: 11/01/2018

ECLM-96-15

Page 2 of 4
(06/17) Fs

## SECTION 6: How to submit this form

**6A. Check off the items you're sending with this claim form**

☒ **Death certificate.** If your claim is for more than $100,000, we require a certified death certificate. A certified death certificate has a raised or colored seal on it. The funeral director taking care of the funeral arrangements can usually arrange to have the death certificate certified. **We only require one death certificate** – if you're aware of another claimant who's sending one, you don't have to send it.

☐ **Policies** for which you're making a claim.

☐ If you signed a document with a funeral home that authorizes us to make a payment directly to them, a copy of that document.

☐ If the person died in an accident and you're making an accidental death benefit claim, proof of the accident - police reports and other supporting documents.

☐ If you have Power of Attorney, a copy of the appointment papers naming you as the attorney-in-fact for the beneficiary.

## About Electronic Statusing

MetLife provides electronic statusing as a convenience to you. Please review the following terms and conditions carefully before provide (a) your agreement to them, and (b) your consent to receiving electronic statuses.

By agreeing to the terms of this Agreement, you are consenting to receive claims statuses in one or more of the following ways:

1. When a change has been made to your claim, we will send you an email advising you that we have made such a change;

    Such e-mails will be sent to the current e-mail address we have on file for you. In addition, we can notify you about the availability of claim statuses by text messages *(SMS - Short Messaging Service)*. If you agree to receive notification of the availability of claim status messages by text message, you acknowledge and agree that any charges associated with your receipt of these messages are fully your obligation and are not reimbursable by MetLife of any of its affiliates. There may be other third party costs for Internet access fees of text message *(SMS)* charges that are not reimbursable by MetLife or any of its affiliates.

    We will continue to deliver information in writing to you by U.S. mail.

2. You may withdraw your consent, change your delivery preferences, and update information we need to contact you electronically at any time by replying "stop" to a text message from us or by calling our Customer Service Department.

### 6B. Please mail your completed claim to the following address:

**MetLife Customer Service Center**
P.O. Box 330
Warwick, RI 02887-0330
800-638-5000

**General American Life Insurance Company**
PO Box 355
Warwick, RI 02887-0355
800-638-9294

**MetLife**
*(Equity Products Only)*
P.O. Box 353
Warwick, RI 02887-0353
800-638-5000

**General American Life Insurance Company**
*(Equity Products Only)*
PO Box 356
Warwick, RI 02887-0356
800-638-9294

 Please mail first two pages of this form, fully completed and signed, to avoid delays.

**We're here to help**
If you have questions, or need help preparing your claim, call us at 1-800-MET-5000 (1-800-638-5000). Our Customer Service Center is open Monday through Friday, 9:00 a.m. to 6:00 p.m. EST.

*Some Services in connection with your claim may be performed by MetLife Global Operations Support Center Private Limited. This service arrangement in no way alters our obligations to you. Services will not be performed by MetLife Global Support Center Private Limited if prohibited by state or local law.*

ECLM-96-15

Page 4 of 4
(06/17) Fs

11/01/2018 12:50 FAX 7012771317    DennisHarsch    @006

## CERTIFICATION OF VITAL RECORD

## North Dakota Department of Health
### Bismarck, North Dakota
# Certification of Death

THIS IS TO CERTIFY THAT THERE IS ON RECORD IN THE DIVISION OF VITAL RECORDS, NORTH DAKOTA DEPARTMENT OF HEALTH, BISMARCK ND, THE FOLLOWING ENTRY OF DEATH:

### DECEDENT INFORMATION

| | | | |
|---|---|---|---|
| NAME: | LAMONT ALLEN LOUDENSLAGER | SEX: | MALE |
| SOCIAL SECURITY NUMBER: | ▇▇▇▇4347 | DATE OF DEATH: | SEPTEMBER 08, 2018 |
| PLACE OF DEATH: | FARGO, NORTH DAKOTA | MARITAL STATUS: | DIVORCED |
| SURVIVING SPOUSE'S NAME: | | TIME OF DEATH: | 20:47 |
| FATHER'S NAME: | WILLIAM LOUDENSLAGER | DATE OF BIRTH: | ▇▇▇▇ 1954 |
| MOTHER'S MAIDEN NAME: | BONNIE ADAMS | BIRTHPLACE: | SOUTH DAKOTA |
| RESIDENTIAL ADDRESS: | ▇▇▇▇ | U.S. ARMED FORCES: | NO |
| | | FILING DATE: | OCTOBER 12, 2018 |
| | | DATE ISSUED: | OCTOBER 25, 2018 |
| PLACE DEATH OCCURRED: | HOSPITAL - INPATIENT | CERTIFICATE NO: | 133-18-004793 |
| FACILITY OR ADDRESS: | SANFORD HEALTH OF FARGO FARGO, NORTH DAKOTA | | |

### INFORMANT INFORMATION

| | | | |
|---|---|---|---|
| INFORMANT: | LANE LOUDENSLAGER | RELATIONSHIP: | SON |
| INFORMANT'S ADDRESS: | ▇▇▇▇ | | |

### DISPOSITION INFORMATION

| | | | |
|---|---|---|---|
| FINAL DISPOSITION: | RIVERSIDE CEMETERY FARGO, NORTH DAKOTA | METHOD: | BURIAL |
| FUNERAL HOME: | BOULGER FUNERAL HOME FARGO, ND 58103 | FUNERAL PRACTITIONER: | TIA LOPEZ |
| | | LICENSE NUMBER: | 1323 |

### MEDICAL CAUSE OF DEATH INFORMATION

| | | | |
|---|---|---|---|
| MEDICAL CERTIFIER: | MOHAMED SANAULLAH, | LICENSE NUMBER: | 9551 |
| CERTIFIER'S ADDRESS: | SANFORD HEALTH OF FARGO, FARGO, ND 58122 | | |
| IMMEDIATE CAUSE OF DEATH: | SEPSIS | | |
| as a consequence of > | LACTOBACILLUS ENDOCARDITIS | | |
| as a consequence of > | | | |
| as a consequence of > | | | |
| CONTRIBUTING FACTORS: | RENAL MASS | | |

| | | | |
|---|---|---|---|
| MANNER OF DEATH: | NATURAL | | |
| MEDICAL EXAMINER CONTACTED: | NO | AUTOPSY PERFORMED: NO | AUTOPSY FINDINGS AVAILABLE: |
| TOBACCO CONTRIBUTED TO DEATH: | NO | DECEASED DIABETIC: NO | |
| DATE OF INJURY: | | TIME OF INJURY: | |
| PLACE OF INJURY: | | INJURY AT WORK: | |
| LOCATION OF INJURY: | | TRANSPORTATION INJURY: | |
| HOW INJURY OCCURRED: | | | |

001819331

*Darin J. Meschke*
State Registrar of Vital Statistics

This certificate is issued in compliance with the laws of the State of North Dakota
(NOT VALID without raised impression seal of the North Dakota Department of Health)
ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

14-FA-13-621

Filed in Seventh Judicial District Court
2/15/2013 5:06:06 PM
Clay County, MN

# CERTIFIED COPY

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF CLAY | SEVENTH JUDICIAL DISTRICT |
| | FAMILY COURT DIVISION |

In Re the Marriage of:                    COURT FILE NO. _____

Kym Leslie Loudenslager,            )
                                    )
        Petitioner,                 )
                                    )   **FINDINGS OF FACT,**
    and                             )   **CONCLUSIONS OF LAW,**
                                    )   **ORDER FOR JUDGMENT AND DECREE**
Lamont Allen Loudenslager,          )   **AND JUDGMENT AND DECREE**
                                    )
        Respondent.                 )

The above-entitled proceeding came on for administrative dissolution review before the Honorable **Steven Cahill**, Judge of the above-named Court, on the **3rd** day of **April**, 2013, at the Clay County Courthouse, in the City of Moorhead, County of Clay, and State of Minnesota. The parties appeared through a Stipulation. The parties entered into a Marital Termination Agreement signed by the petitioner and respondent on February 15, 2013. The Agreement has been filed with the Court. Upon the terms of the Agreement and all of the pleadings and records, it satisfactorily appears to the Court that the Court has jurisdiction of the subject matter of this action and of the parties hereto. The court being fully advised in the premises, now makes and files the following:

## FINDINGS OF FACT

I.

The true and correct names and addresses of petitioner and respondent are:

Petitioner:       Kym Leslie Loudenslager
                  ████████████████████████████

Filed in Seventh Judicial District Court
2/15/2013 5:06:06 PM
Clay County, MN

Respondent:        Lamont Allen Loudenslager

███████████████

II.

Petitioner and respondent were duly married on August 26, 1978, in the City of Anoka, County of Anoka, State of Minnesota.

III.

Petitioner and Respondent have lived in Minnesota for the entire six (6) months immediately before serving the Petition for Dissolution of Marriage. Petitioner lives in Clay County. Respondent lives in Clay County.

IV.

Neither Petitioner nor Respondent are members of the armed forces stationed in Minnesota for the last six (6) months.

V.

Petitioner alleges that there has been an irretrievable breakdown of the marriage relationship with Respondent and the marriage cannot be saved. Respondent does not agree.

VI.

No separate proceeding for dissolution, legal separation, or custody has been started by Petitioner or Respondent in Minnesota or another state.

VII.

The Petitioner and Respondent have the following minor child together who was born before, during or adopted into our marriage: Lane Allen Loudenslager, age 13. Petitioner is not pregnant.

Filed in Seventh Judicial District Court
2/15/2013 5:06:06 PM
Clay County, MN

VIII.

The minor child of the marriage lives with both parties at the following address:

[REDACTED]

IX.

Each minor child of the marriage lived in Minnesota during the six (6) months immediately before the Petition was served on Respondent.

X.

**Legal** custody means which parent(s) have a say in the major decisions regarding the child's life including education, religious upbringing and medical treatment. It is in the best interest of the minor child of the marriage that legal custody be granted jointly to both parties.

XI.

**Physical** custody identifies which person(s) will handle the routine daily care and control of the child. It is in the best interests of the minor child that physical custody be granted to Petitioner, subject to reasonable parenting time.

XII.

Petitioner is employed part-time by Total Balance and part-time by Snap Fitness and has a gross annual income of approximately $9,600. At the time service of the Petition, Respondent was employed by Metropolitan Baptist Church and had a gross annual income of approximately $70,000.

XIII.

Petitioner and Respondent have acquired marital debts together or separately.

XIV.

The parties own real property located at 3349 39th St S, Moorhead, MN 56560.

Filed in Seventh Judicial District Court
2/15/2013 5:06:06 PM
Clay County, MN

of the United States.

## IV.

That the decree of dissolution in this matter shall further provide as follows:

1.   **Dissolution.** The bonds of matrimony heretofore existing between the parties are hereby dissolved, pursuant to petitioner's request and all in accordance with Minnesota law.

2.   **Custody.** The parties are awarded the joint legal custody of their minor child, namely:

> Lane Allen Loudenslager
> Date of birth: xx/xx/1999

Joint legal custody means that both parties shall consult with each other and jointly make the major decisions concerning the child, such as health, welfare, religion, education, and on other major decisions affecting the child.

Petitioner is awarded primary physical custody of the minor child, subject to respondent's rights to reasonable and liberal visitation. Respondent shall have all parenting time on mutual agreement of the parties which shall be as liberal and flexible as possible. However, in the event that the parties cannot agree, then the following schedule shall apply:

a.   Every other weekend from Friday at 5:00 p.m. until Sunday at 7:00 p.m.

b.   During the school year, respondent shall be responsible for the child completing his homework on the weekends he has visitation.

c.   **Holidays.** The parties shall alternate holidays as follows: The holiday visitation shall take precedence over any regularly scheduled visitation time. The visitation for the holidays shall be from 9:00 a.m. until 9:00 p.m., unless noted otherwise:

| Holiday | Even Years | Odd Years |
|---|---|---|
| New Year's Eve | Respondent *All* | Respondent |
| New Year's Day/Respondent's Birthday | *All* Respondent | Respondent |
| Easter | 2013 Dad Petitioner | Respondent |
| Memorial Day [Memorial day weekend from | | |

Filed in Seventh Judicial District Court
2/15/2013 5:06:06 PM
Clay County, MN

| Holiday | Even Years | Odd Years |
|---|---|---|
| Friday through Monday evening] | Respondent | Petitioner 2013 me |
| July 4th - until after fireworks | Petitioner | Respondent 2013 dad |
| Labor Day [Labor day weekend from Friday through Monday evening] | Petitioner | Respondent 2013 dad |
| Thanksgiving Day | Respondent | Petitioner 2013 me |
| Christmas Eve from 9:00 a.m. December 24 to 12:00 p.m. December 25 | All Petitioner | 2013 me Petitioner |
| Christmas Day 12:00 p.m. December 25 until 9:00 a.m. December 26 | All Petitioner | 2013 me Petitioner |

f.  **Visitation/Custody/Disputes**.

   i.  **Mediation**. Conflicts regarding visitation and custody which cannot be resolved by and between the parties through direct communication shall be submitted to mediation prior to either party applying to the Court for relief, unless an emergency exists.

   (1)  **Selection of a Mediator.** The parties shall mutually agree upon a mediator, but if the parties cannot agree, then upon Petition to the Court, the Court shall appoint a mediator, or present a list of up to five qualified persons and the parties can alternatively strike names until one name is left. Respondent shall have first strike.

   (2)  **Duties and Responsibilities of Mediator.** The mediator shall have the duty to assist the parties to resolve the issues submitted to mediation in a fair and impartial manner.

   (3)  **Costs.** The parties shall share equally the mediator's costs unless mutually agreed otherwise.

   (4)  **Confidentiality.** Discussions during mediation shall remain confidential. The mediator shall not participate as a witness, collateral contact, or attorney in a custody or visitation study or inquiry involving either party. Further, neither party may call the mediator as a witness to testify in any proceeding involving their child or the subject matter of the mediation.

Filed in Seventh Judicial District Court
2/15/2013 5:06:06 PM
Clay County, MN

XV.

The parties are the owners of personal property, household goods, and furnishings located in and about their respective dwellings.

XVI.

This Petition for Dissolution of Marriage is filed in good faith and for the purposes set forth herein.

XVII.

The parties entered into a Marital Termination Agreement signed by the petitioner and respondent on February 15, 2013. The Agreement has been filed with the Court and the parties have agreed that the Agreement will become the basis for the Court's Decree of Dissolution in this matter, and that all matters agreed to therein are incorporated herein by reference.

On the foregoing Findings of Fact the Court makes its

## CONCLUSIONS OF LAW

I.

That the Court has Jurisdiction of the subject matter and of the parties to this proceeding.

II.

That the petitioner is entitled to a decree of dissolution forever dissolving the bonds of matrimony between the petitioner and the respondent.

III.

That the decree of dissolution in this matter shall provide that neither party was that the time of service of the summons and petitioner, nor is now, in the military service

(Page 13 of 18)
11/01/2018 12:53 FAX 7012771317    DennisHarsch    Case 3:19-cv-00202-ARS   Document 1-5   Filed 09/18/19   Page 13 of 18   ☒013

Filed in Seventh Judicial District Court
2/15/2013 5:06:06 PM
Clay County, MN

3.  **Basic Support for the Child.** Respondent shall pay to petitioner the sum of $725 per month, payable on the 1st day of each month, commencing on the 1st day of the month following entry of judgment, as the basic support obligation for the parties' minor child.

The monthly amount shall be subject to income withholding from the payor's income, regardless of source, by his employer, trustee or other payor of funds and mailed to: Minnesota Child Support Payment Center, PO Box 64326, St. Paul, MN 55164-0326. If the person paying child support is self-employed, send payments to Minnesota Child Support Payment Center, PO Box 64306, St. Paul, MN 55164-0306. **To start income withholding, Petitioner or Respondent must apply for IV-D services or income withholding-only services at the Child Support Office in the County were the children live.** Until income withholding starts, the person owing support shall pay the other parent directly.

4.  **Medical Insurance for the Minor Child.** Respondent shall provide medical insurance for the minor child through his employer or union if it becomes available. Presently the parties pay for a private policy of insurance. The respondent must pay a pro rata share of the health coverage costs by paying 88% of the monthly premium directly to petitioner.

5.  **Dental Insurance for the Minor Children.** Presently the parties do not have dental insurance for the minor child. An uncovered dental expenses for the minor child shall be paid according to the parties pro rata share of income. Petitioner shall pay 12% of the uninsured and/or unreimbursed medical and dental costs for the minor children of the parties, and Respondent shall pay 88% based on the percentage share of combined PICS (parental income for determining child support.)

6.  **Uninsured and Unreimbursed Medical and Dental Expenses for the Children.** Petitioner shall pay 12% of the uninsured and/or unreimbursed medical and dental costs for the minor children of the parties, and Respondent shall pay 88% based on the percentage share of combined PICS (parental income for determining child support.)

7.  **Medical and Dental Insurance for the Parties.** Each party shall provide for his or her own medical and/or dental insurance.

8.  **Extracurricular Activities.** The parties shall discuss the extracurricular activities the child would like to participate in, and if the parties agree, each party shall be responsible for 50% of the cost in addition to child support.

9.  **Appendix A.** The parties are subject to the cost-of-living adjustments, notice of support priority, income withholding, docketing of judgment for unpaid familial support and the notice of address or residence change, all contained in Appendix A attached hereto and incorporated herein by reference.

11. **Dependency Tax Exemptions.** So long as the respondent is current in his child support obligation, he shall be entitled to claim the minor child, Lane, as a dependent and exemption on his federal and state income tax returns in 2012 and all even tax years. Petitioner shall claim Lane in all odd tax years. Respondent shall execute and deliver any forms required by the taxing authorities to effectuate this provision including IRS form 8332, Release of Claim for Exemption of Child of Divorced or Separate Parents.

12. **Spousal Maintenance.** The issue of spousal maintenance shall be reserved until such time as the marital home is sold.

13. **Life Insurance as Security for Child Support and Spousal Maintenance.** As and for security for the outstanding obligations of child support and spousal maintenance, respondent shall name petitioner as the sole beneficiary on the following policies of life insurance on his life:

Met Life Policy No. 958201834 UM

until such time as the obligation for child support and spousal maintenance terminate. Respondent shall be awarded all cash value associated with his Met Life Insurance.

Petitioner has the right to obtain information regarding the insurance policy and the beneficiaries from time to time upon her reasonable request. Upon entry of the Judgment and Decree, the respondent shall sign an insurance authorization authorizing petitioner and/or her attorney to verify that the terms of this paragraph remain in full force and effect.

Respondent cannot pledge, borrow, or hypothecate said policies. If the policies required herein are not in full force and effect at the time of respondent's death, or are insufficient to fulfill the obligations herein, the petitioner and/or the minor child shall have a creditor's claim and lien against respondent's estate for the amount owed.

14. **Real Property Award.** The parties are herein awarded, as tenants in common, all right, title and interest in the homestead real estate in Clay County, Minnesota, and legally described as:

[redacted]

Petitioner shall have the exclusive use and occupancy of the home until it is sold. The entry of the Judgment and Decree of dissolution shall sever the parties' joint tenancy. The parties shall cooperate and place the property on the market for sale with a mutually agreeable realtor. Upon the sale, the proceeds shall be paid as follows:

a. Expenses of sale, which means the usual and customary expenses of the sale such as attorneys' fees, points, real estate commissions, etc.;

Filed in Seventh Judicial District Court
2/15/2013 5:06:06 PM
Clay County, MN

  b. Payment of the mortgage encumbering the property;

  c. Any fix-up costs paid by one or the other party pursuant to the recommendation of the realtor shall be reimbursed to the party having made those payments;

  d. The remaining proceeds shall be divided equally between the parties.

Pending the sale, the petitioner shall have the exclusive use, possession and occupancy of the premises until the sale is closed and possession is delivered to the purchaser. The respondent shall be responsible for the mortgage, interest, taxes, insurance, all utility payments and normal maintenance on the property and any other expenses relating to the occupancy of the property.

 15. ***Property Awarded to Petitioner.*** Petitioner is awarded all right, title and interest free and clear of any claim on the part of the respondent in the following:

  a. Any and all household goods, furnishings, jewelry, and all other tangible personal property in petitioner's possession;

  b. The 2007 Subaru Outback automobile, vehicle identification number ███████████████. The parties shall cooperate in executing whatever documents are necessary to transfer title. Respondent shall be solely liable and responsible for the payment of the encumbrance to TD Auto Finance Account #0147 on the automobile and indemnify and hold the petitioner harmless from any and all liabilities due thereon.

  c. Any and all cash, savings or checking accounts in petitioner's name or under her control, specifically including American Federal Checking Account #9310.

  d. All items as listed in Exhibit A.

 16. ***Property Awarded to Respondent.*** Respondent is awarded all right, title and interest free and clear of any claim on the part of the petitioner in the following:

  a. Any and all household goods, furnishings, jewelry, and all other tangible personal property in respondent's possession;

  b. The 2012 Honda Accord automobile. The parties shall cooperate in executing whatever documents are necessary to transfer title. Respondent shall be solely liable and responsible for the payment of the encumbrance to Honda Financial Services Account on the automobile and indemnify and hold the petitioner harmless from any and all liabilities due thereon.

Filed in Seventh Judicial District Court
2/15/2013 5:06:06 PM
Clay County, MN

    c.    Any and all cash, savings or checking accounts in respondent's name or under his control, specifically including American Federal Checking Account #2720 and American Federal Savings Account #1140.

    d.    All items as listed in Exhibit B.

17.    **Retirement Interests**.

    a.    Respondent has an interest in a GoldStar Trust IRA Plan with a stipulated value of $3,415 as of June 30, 2012. Respondent is awarded all right, title and interest in said plan, and petitioner is divested of any interest whatsoever in the plan.

    The parties also have an interest in an account with Charles Schwab, account number ending in XXXX-3212. Petitioner shall be awarded all right, title, interest and equity in and to that account.

The court shall retain jurisdiction over the retirement plan and the parties for purposes of implementing the distribution of the retirement benefit between the parties pursuant to the Agreement and Order.

18.    **Debts**. The parties have satisfied all marital debts incurred during the marriage, not otherwise specified herein, except the following:

| Creditor | Balance |
|---|---|
| US Bank Credit Card *9617 |  |
| Herberger's Credit Card *8471 |  |
| Sears Credit Card *1985 | |
| Discover Credit Card *3332 | |
| Care Credit Credit Card *0875 | |
| Chase Credit Card *2417 | |

As soon as possible after entry of the Decree, the respondent shall take whatever steps are necessary to remove the petitioner's name from the credit card or close the account and open other accounts in his own name. The respondent shall pay all of the above-stated debts and he shall indemnify and hold the petitioner harmless from any and all obligations to make payment on the same.

With respect to each party's responsibilities to pay the debts and liabilities as set forth above, and to hold the other harmless from the payment thereof, the parties intend these specific debts and liabilities to be non-dischargeable under 11 U.S.C. of the bankruptcy code. The basis for this intention is that these obligations are an integral part of the financial support settlement between the parties. If the debt were discharged leaving the other party obligated to pay said debt, this would significantly adversely affect the financial support settlement between the parties. Nonetheless, this paragraph is not intended to extend the Court's jurisdiction with respect to maintenance unless maintenance is specifically reserved for this purpose.

19. **Tax Returns.** The parties shall cooperate and bring their financial information to a mutually agreeable tax preparer, who shall determine the best way for the parties to file their returns. The parties shall pay any and all tax liabilities owed according to his/her pro rata share of income and shall equally share the refunds, whether from separate or joint returns, as determined by the tax preparer.

20. **Tax Consequences.** The parties acknowledge that they have been separately advised that there may be certain tax consequences pertaining to this agreement, that no tax advice has been furnished with respect to this agreement, that each party has been directed and advised to obtain independent tax advice from qualified tax accountants or tax counsel prior to signing this agreement and have had the opportunity to do so.

21. **Attorneys' Fees.** The parties shall equally share the attorney fees and costs incurred incident to this proceeding.

22. **Name Change.** From and after entry of the Judgment and Decree of Dissolution, the petitioner's name shall be Kym Leslie. Petitioner is seeking a name change solely because of this marriage dissolution and not to defraud and/or mislead anyone.

23. **Withdrawal of Attorney.** DeAnn M. Pladson, Esq. shall no longer be the attorney of record for the petitioner effective sixty-one (61) days from the entry of the Judgment and Decree herein.

24. **Service of Judgment and Decree.** Service of a copy of the final Judgment and Decree of Dissolution shall be made upon respondent by petitioner's attorney.

25. **Execution and Exchange of Documents.** Each party shall execute and deliver to the other party such assignments and other documents as may be necessary and required to effectuate each and all of the provisions contained herein. In the event either party fails to do so, the Judgment and Decree shall operate as said conveyance.

26. **Full Disclosure.** Each party expressly stipulates that each has entered into this Stipulation after full disclosure after having had the opportunity to receive advice of counsel and each has relied upon the other party having fully disclosed all of his/her assets, both real and personal, income, including any and all assets or income in the name of third parties and under their control whether or not in their names.

27. **Enforceability.** The terms, conditions and provisions contained herein shall inure to the benefit of and be binding upon and enforceable upon each of the parties hereto and their respective heirs, personal representatives and estates.

28. **Mutual Release.** Subject to the foregoing and subject to the full compliance therewith, each of the parties in all respects is released and fully discharged of any liability, claims or obligations of any kind or character whatsoever, whether

Tuesday

Filed in Seventh Judicial District Court
2/15/2013 5:06:06 PM
Clay County, MN

arising out of the marital relationship or otherwise, and the foregoing constitutes a full, final and complete settlement in lieu of any other provisions respecting maintenance and any other distribution of property.

**LET A DECREE OF DISSOLUTION OF SAID MARRIAGE BE ENTERED ACCORDINGLY.**

Dated this 3rd day of April, 2013.

BY THE COURT:

_____
Judge of District Court

I certify that the above Conclusions of Law constitute the Judgment and Decree of the Court.

DECREE ENTERED AND JUDGMENT ROLL FILED THIS 3rd DAY OF April, 2013.

BY THE COURT:

Janice Cossette
Janice Cossette
DISTRICT COURT ADMINISTRATOR

BY: _____

STATE OF MINNESOTA } SS
COUNTY OF CLAY
I, J. Cossette, COURT ADMINISTRATOR OF SAID COUNTY, HEREBY CERTIFY THAT I HAVE COMPARED THE WITHIN COPY WITH THE ORIGINAL OF RECORD IN MY OFFICE AND THAT THE SALE IS A TRUE COPY OF SAID ORIGINAL.

IN TESTIMONY WHEREOF I HAVE HEREUNTO AFFIXED THE SEAL OF SAID COURT OF SAID COUNTY, AND HAVE SIGNED MY NAME THIS 3rd DAY OF April 2013
COURT ADMINISTRATOR
BY _____
DEPUTY

**FILED**

APR 03 2013

COURT ADMINISTRATOR
CLAY COUNTY